ENTERED
CLERK, U.S. DISTRICT COURT
SEP 10 2004
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY




**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARIA V. ALTMANN,** Plaintiff, vs. **REPUBLIC OF AUSTRIA, et al.** Defendants. | **CV 00-8913 FMC (AIJx)** **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

This matter is before the Court on the Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b) for lack jurisdiction over the subject matter and over the person under the doctrine of sovereign immunity and pursuant to the Foreign Sovereign Immunities Act ("FSIA") (docket #73). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for September 13, 2004, is removed from the Court's calendar. For the reasons set forth below, the Court denies the Motion. The alternative Motion for Reconsideration is also denied.

76

## I. Background

The factual background and the procedural history of this action are well known to the Court and to the parties. For that reason, they are only briefly summarized here.

The present dispute centers on ownership rights to six paintings that are currently in the possession of the Republic of Austria ("the Republic") and/or the Austrian Gallery ("the Gallery"). Plaintiff seeks recovery of these paintings that were owned by her family before they were stolen by the Nazis in the early 1940s in Austria.

The present Motion requires the Court to determine whether Plaintiff's claim under the expropriation exception to the FSIA may proceed, or whether it must be dismissed. Ultimately, the Court concludes that the claim may proceed.

## II. Jurisdiction Pursuant to the Foreign Sovereign Immunities Act

As noted in a previous order of this Court, jurisdiction over Defendants must be based on the FSIA. The FSIA is the sole basis for jurisdiction over a foreign state and its agencies and instrumentalities. *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434, 109 S. Ct. 683 (1989). Under the FSIA, foreign states are presumed to be immune from the jurisdiction of the United States courts unless one of the FSIA's exceptions applies. 28 U.S.C. § 1604.

At issue in the present Motion is the expropriation exception to the FSIA:

> (a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case . . . (3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such

> property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States . . . .

28 U.S.C. § 1605(a)(3).

SCANNED

## III. Procedural History

This case has been remanded to this Court after appeal to the Ninth Circuit and review by the United States Supreme Court. *See Altmann v. Republic of Austria*, 142 F. Supp. 2d 1187 (C.D. Cal. 2001); *Altmann v. Republic of Austria*, 317 F.3d 954 (9th Cir. 2002); *Republic of Austria v. Altmann*, 124 S. Ct. 2240 (2004).

### A. The District Court Opinion

On May 4, 2001, this Court issued an order discussing whether Plaintiff's expropriation exception claim could be maintained under the FSIA. Concluding that Plaintiff could maintain her claim, the Court denied Austria's Motion to Dismiss.

The district court order noted that there are three distinct requirements of the expropriation exception: "First, there must be property taken in violation of international law . . . Second, the property must be owned or operated by an agency of or instrumentality of a foreign state . . . . Finally, the agency or instrumentality must be engaged in commercial activity in the United States." 142 F. Supp. 2d at 1202 (internal quotation marks omitted).

In examining the first requirement,[1] this Court noted that in order to be a *valid* taking, three elements must be met: "First, the taking must serve a public purpose; second, aliens must not be discriminated against or singled out for regulation by the state; and third, payment of just compensation must be made." *Id.*

This Court then went on to examine the taking alleged by Plaintiff, and found that none of the three requirements necessary to make the taking valid had been met. *Id.* at 1202-03. Based on its discussion, the district court concluded that Plaintiff "made out a substantial and non-frivolous claim that these works of art were taken in violation of international law." *Id.* at 1203.

The Court then examined an argument made by Austria. *Id.* Austria argued that Plaintiff was required to exhaust her domestic remedies — the remedies available to her in Austria — before filing suit in this forum. *Id.* The Court agreed, but held that Plaintiff's compliance with this requirement was excused because the domestic remedies were inadequate. *Id.* at 1203, 1209-10.

**B. The Ninth Circuit Opinion**

Austria filed an appeal of the district court's order. The Ninth Circuit also examined whether Plaintiff stated a substantial and nonfrivolous claim under the expropriation exception. 317 F.3d at 968. The Ninth Circuit examined the same three elements as did the district court: public purpose; discrimination of aliens; just compensation. *Id.* Examining these three elements, the Ninth Circuit concluded that Plaintiff's allegations stated a claim under the expropriation exception. *Id.* The Ninth Circuit unequivocally stated: "The facts of record . . . show that the Klimt paintings

---

[1] The other two requirements are not at issue in the present Motion.

have been wrongfully and discriminatorily appropriated in violation of international law." *Id.*

SCANNED

The Ninth Circuit did not, in connection with the expropriation exception, consider Austria's argument regarding the exhaustion of remedies. *Id.* at 967-68. Elsewhere, in a discussion of the district court's holding regarding the *forum non conveniens* issue, the Ninth Circuit held that, contrary to the district court's holding, Austria was not an inadequate forum. *Id.* at 973.

**C. The Supreme Court Decision**

The Supreme Court granted certiorari, and affirmed the district court's decision in a 6-3 decision. 124 S. Ct. 2240. The Supreme Court did not consider the issue of whether Plaintiff's allegations stated a claim under the expropriation exception of the FSIA.[2]

---

[2] The Supreme Court's review was limited to Question 1 as set forth in the Petition for Certiorari. *Republic of Austria v. Altmann*, 124 S.Ct. 46 (Mem) (2003). Question 1 presented the following issue:

> 1. Does the expropriation exception of the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. § 1605(a)(3), afford jurisdiction over claims against foreign states based on conduct that occurred before the United States adopted the restrictive theory of sovereign immunity in 1952?

Pet. for Writ of Cert., 2003 WL 22428418 (June 27, 2003). The Supreme Court declined to hear the issue presented in Question 2:

> 2. Can jurisdiction over a foreign state or its agency or instrumentality be asserted under the FSIA's expropriation exception when due process minimum contacts requirements have not been met, ***there has been no violation of international law because the claimant failed to exhaust her legal remedies in the foreign state***, and the activity that is the basis for jurisdiction is the limited, non-commercial promotion of a not-for-profit national museum?

*Id.* (emphasis added).

Nevertheless, a concurring opinion discussed this issue. Justice Breyer, joined by Justice Souter, both of whom also joined in the majority opinion, suggested that a plaintiff would have to exhaust domestic remedies before filing suit under the expropriation exception:

> [A] plaintiff may have to show an absence of remedies in the foreign country sufficient to compensate for any taking. A plaintiff who chooses to litigate in this country in disregard of the postdeprivation remedies in the expropriating state may have trouble showing a taking in violation of international law.

*Id.* at 2262-63 (internal alterations, citations, and quotation marks omitted) (Breyer, J., concurring).

**IV. Analysis**

This Court held that exhaustion was required, but was excused because the domestic remedies were inadequate. The Ninth Circuit affirmed, clearly holding that a claim was stated. The Ninth Circuit so held notwithstanding Austria's argument that Plaintiff failed to exhaust her administrative remedies, and notwithstanding its own holding that Plaintiff's domestic remedies were not inadequate for the reasons set forth by the district court. Implicit in the Ninth Circuit's holding is the recognition that either exhaustion is not required, or exhaustion was excused on some other grounds, perhaps not articulated.

This Court is bound by the Ninth Circuit's opinion on this issue. *See United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1186 (9th Cir. 2001) (noting that the law of the case doctrine applies to explicit decisions as well as those issues decided by necessary implication). Defendants' argument to the contrary is unpersuasive. Defendants argue that where a question is left

open by an appellate court, it must be brought before the district court to decide. Defendants cite *Hughes Aircraft* in support of this proposition. In *Hughes Aircraft*, an earlier Ninth Circuit decision in the same case decided the question of whether jurisdiction was proper under 31 U.S.C. § 3730(e)(4)(A) (False Claims Act), but did not explicitly or implicitly decide whether jurisdiction was proper under another subsection, § 3730(b)(5). *Hughes Aircraft*, 243 F.3d at 1186. The present case is distinguishable. Here, the Ninth Circuit held that Plaintiff's allegations were sufficient to assert her claim pursuant to the expropriation exception to the FSIA, 28 U.S.C. § 1605(a)(3). With the present Motion, Defendants ask the Court dismiss the very same expropriation exception claim — not a different subsection or different statute — that the Ninth Circuit held to be sufficient.

Neither Justice Breyer's concurring opinion in *Altmann*, nor other recent Supreme Court authority cited by Defendants, persuades the Court that a contrary result should be reached.

Justice Breyer's concurring opinion is mere dictum. As noted above, the Supreme Court explicitly declined to consider the question regarding exhaustion of remedies. Even if the opinion were not dictum on an issue the Court refused to consider, it is not the opinion of the Court, and it is therefore not binding.

Defendants also rely on *Sosa v. Alverez-Machain*, 124 S. Ct. 2739 (2004). In *Sosa*, the Court considered whether the plaintiff's claim fell within the "foreign country" exception to the Federal Tort Claims Act. In its discussion, the Court suggested that it would one day consider the issue of whether a plaintiff must exhaust her domestic and, possibly, international remedies, before filing an action in a foreign state:

> For example, the European Commission argues as amicus curiae that basic principles of international law require that before

SCANNED

> asserting a claim in a foreign forum, the claimant must have exhausted any remedies available in the domestic legal system, and perhaps in other fora such as international claims tribunals. . . . We would certainly consider this requirement in an appropriate case.

*Id.* at 2766 n.21. This passage cannot be read as the pronouncement of the Supreme Court that the requirement of exhaustion of remedies is to be imposed on plaintiff asserting a claim pursuant to the FSIA's expropriation exception. To the contrary, the Supreme Court merely notes that it would consider such an argument in an appropriate case.

The Motion to Dismiss is denied.

## V. Alternative Motion

Alternatively, Defendants move for reconsideration pursuant to the Court's Local Rule 7-18. Defendants correctly note that reconsideration is appropriate where "the emergence of new material facts or a change in law occur[s] after the Court has rendered its decision." *Id.* However, for the same reasons the Court has denied the Motion to Dismiss, the Court denies the Motion for Reconsideration as well.

## VI. Objections to Evidence

Defendants object to much of the Schoenberg Declaration. The Court has not considered the Declaration. and therefore does not rule on the objections thereto.

## VII. Conclusion

For the reasons stated herein, Defendant's Motion to Dismiss is **DENIED.**

DATED: September 8, 2004

FLORENCE-MARIE COOPER, Judge
United States District Court